# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| MICHAEL EDWARD COLLIER, EDWARD E. GRAHAM, BISHOP KENNETH R. MURRAY, BRANDON J. DAVID, CHRISTOPHER M. HARTE, HARRY STEPHEN BARTLETT, LINDA CURTIS, B. GLEN WHITLEY, GLENN MOSS ROGERS, CHRISTOPHER C. ASHBY, SCOTT RICHARD MILDER, KELTON GREY SELIGER, CHARLES FOSTER JOHNSON, ALAN STEELMAN AND SARAH STOGNER, *Plaintiffs,* v. ROBERT S. HOWDEN, in his official capacity as the Secretary of State of Texas, and DAVE NELSON, in his official capacity as the Deputy Secretary of State of Texas, *Defendants.* | CIVIL CASE NO. 2:26-CV-157-RP |

## DEFENDANTS' MOTION TO DISMISS

Defendants,[1] by and through undersigned counsel, move to dismiss this case as moot pursuant to Federal Rule of Civil Procedure 12(b)(1), as the Court no longer has subject matter jurisdiction.[2] Events subsequent to filing, including the passage of critical Texas Election Code deadlines, have rendered this case moot, thus divesting the court of jurisdiction.[3]

---

[1] Robert S. Howden, sworn in as Secretary of State on July 20, 2026, is automatically substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d) in place of Jane Nelson, who resigned as Secretary of State on July 17, 2026.

[2] *See, e.g., Favors v. SSA*, No. 22-cv-262 (ABJ/GMH), 2022 U.S. Dist. LEXIS 218163, at *7 (D.D.C. Dec. 5, 2022) ((“Motions to dismiss on grounds of mootness are properly brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure.”) (citations omitted).

[3] *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (citation modified) (“Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions.”).

## TABLE OF CONTENTS

Table of Authorities ..... iii
Introduction ..... 1
Factual Background ..... 1
Timeline of Key Events ..... 2
Standard of Review ..... 3
Argument ..... 4
I. Plaintiffs' Claims are Moot. ..... 4
A. The Relevant Statutory Deadlines Have Passed. ..... 5
1. The Deadline for Independent Candidates to Apply to Be on the Ballot has Passed. ..... 5
2. Collier did not file a Declaration of Write-in Candidacy. ..... 5
3. Mail Ballots have Already Been Mailed to Voters. ..... 6
B. This Court has Denied Plaintiffs' Motion for Preliminary Injunction, and Plaintiffs have not Timely Appealed. ..... 7
Conclusion ..... 8
Certificate of Service ..... 8

## TABLE OF AUTHORITIES

### Cases

*Already, LLC v. Nike, Inc.*,
568 U.S. 85 (2013) .......... 3, 4, 5

*Chafin v. Chafin*,
568 U.S. 165 (2013) .......... 4

*Church of Scientology of Cal. v. United States*,
506 U.S. 9 (1992) .......... 4

*DaimlerChrysler Corp. v. Cuno*,
547 U. S. 332 (2006) .......... 3, 5

*Murphy v. Hunt*,
455 U. S. 478 (1982) .......... 4

*North Carolina v. Rice*,
404 U.S. 244 (1971) .......... 4

*Purcell v. Gonzalez*,
549 U.S. 1 (2006) .......... 7

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) .......... 5

*Uzuegbunam v. Preczewski*,
592 U.S. 279 (2021) .......... 3, 4, 5

*W.M.M. v. Trump*,
184 F.4th 780 (5th Cir. 2026) .......... 4

### Statutes

Tex. Elec. Code § 86.004 .......... 1, 6

Tex. Elec. Code § 142.006 .......... 2, 5

Tex. Elec. Code § 142.007 .......... 2

Tex. Elec. Code § 146.022 .......... 6

Tex. Elec. Code § 146.023 .......... 5

Tex. Elec. Code § 146.025 .......... 6

### Rules

Fed. R. Civ. P. 4(a)(1)(A) .......... 7

### Constitutional Provisions

U.S. Const. art. III, § 2, cl. 1 .......... 3

## INTRODUCTION

Plaintiffs began this lawsuit in an effort to force Plaintiff Michael Collier onto the Texas General Election ballot as an independent candidate for Lieutenant Governor, despite his campaign failing to submit a nominating petition with sufficient valid signatures as required by the Texas Election Code. But now, several deadlines have passed which render this matter moot.

Texas counties began sending mail ballots to military and overseas voters for the November 2026 General Election by Saturday, September 19th. *See* Tex. Elec. Code § 86.004. Plaintiffs failed to obtain a preliminary injunction from this Court, which concluded, among other findings, that Collier could not show that he would have been on the ballot but for the challenged ballot access requirements. Order, ECF No. 26 at 7. Collier did not appeal this Court's denial of the sought preliminary injunction. Nor did Collier take any steps to be certified as a write-in candidate for the November 2026 General Election. As such, Plaintiffs' claims are moot. Plaintiff Collier failed to obtain access to the ballot pursuant to requirements provided under the Texas Election Code, and there is nothing now that the court could order to effectuate any of the relief that Collier and the other Plaintiffs seek. As such, this Court should dismiss this case in its entirety.

## FACTUAL BACKGROUND

The facts of this case have been summarized numerous times in prior pleadings. However, a concise summary of the most relevant events is as follows. Additionally, a table of critical dates and deadlines is included for the convenience of the Court.

Plaintiff Collier declared his intent to run as an independent candidate for Texas Lieutenant Governor in 2026. Compl., ECF No. 1, at ¶ 1. Predicting that he would fail to gather the required number of signatures, Collier and the other Plaintiffs filed this lawsuit on June 10, 2026, in an effort to achieve a valid candidacy through the judiciary. *See generally* Compl., ECF No. 1. And, indeed,

Collier submitted a nominating petition, but failed to obtain a sufficient number of signatures of eligible voters as prescribed by the Texas Election Code. *See* Defs.' Resp. Opp. Pls.' Mot. Prelim. Inj., ECF No. 22 at 8; Tex. Elec. Code §§ 142.006, 142.007. As such, adhering to Texas law, Defendants rejected Collier's application and did not include his name on the list of certified independent candidates for the November 2026 General Election ballot. Plaintiffs also filed a motion for preliminary injunction in this Court on the same day as the deadline to submit a petition for independent candidacy. *See generally* Pls.' Mot. Prelim. Inj., ECF No. 10.

This Court denied Plaintiffs' Motion for Preliminary Injunction on August 10, 2026. Order, ECF No. 26 at 8. Since then, Plaintiffs have made no further filings in this case. Further, Plaintiff Collier did not file to run as a write-in candidate, and Plaintiffs did not appeal this Court's order denying the preliminary injunction. Finally, Election Day is now less than forty-five days away, meaning that counties have begun printing and mailing ballots to voters.

### Timeline of Key Events

Note: Statutory deadlines from the Texas Election Code are **bolded.**

| | |
|---|---|
| **March 3, 2026** | **Primary Election Day** |
| **May 26, 2026** | **Primary Runoff Election Day** |
| June 10, 2026 | Plaintiffs' Original Complaint filed |
| June 25, 2026 | Plaintiffs' Motion for Preliminary Injunction filed |
| **June 25, 2026** | **Deadline to file as an independent candidate** |
| July 28, 2026 | Preliminary Injunction Hearing |
| August 10, 2026 | Order Denying Preliminary Injunction |
| **August 17, 2026** | **Deadline to file as a write-in statewide candidate** |

| | |
|---|---|
| **August 28, 2026** | **Deadline for SOS to certify names of independent and write-in candidates** |
| September 11, 2026 | Deadline to appeal order denying preliminary injunction |
| **September 19, 2026** | **Statutory deadline to begin mailing ballots to military and overseas voters** |
| **November 3, 2026** | **Election Day** |

## STANDARD OF REVIEW

Article III of the United States Constitution gives the judicial branch the authority to adjudicate "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. The judiciary may not expound on the law in the absence of a case or controversy. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U. S. 332, 341 (2006)). "To satisfy the 'irreducible constitutional minimum' of Article III standing, a plaintiff must not only establish (1) an injury in fact (2) that is fairly traceable to the challenged conduct, but he must also seek (3) a remedy that is likely to redress that injury." *Uzuegbunam v. Preczewski*, 592 U.S. 279, 285 (2021) (quoting *Spokeo, Inc. v. Robins*, 578 U. S. 330, 338 (2016)).

"At all stages of litigation, a plaintiff must maintain a personal interest in the dispute," and "the doctrine of mootness considers whether it exists throughout the proceedings." *Id.* at 282. "If in the course of litigation a court finds that it can no longer provide a plaintiff with any effectual relief, the case generally is moot." *Id.* "Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (citation modified). In the context of Article III standing, a case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already*, 568 U.S. at 91 (quoting *Murphy v. Hunt*, 455 U. S. 478, 481 (1982)). "If an event occurs

while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *W.M.M. v. Trump*, 184 F.4th 780 (5th Cir. 2026) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)). Similarly, a case is moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 166 (2013) (quoting *Knox v. SEIU, Local 1000*, 567 U.S. 298, 307 (2012)).

## Argument

This Court should dismiss this case because there is no longer a controversy to adjudicate. Critical statutory and case deadlines have now passed which make granting timely relief to Plaintiffs impossible. Plaintiffs' window to timely appeal the denial of a preliminary injunction has closed. Collier was not certified as a candidate for Texas Lieutenant Governor for the 2026 General Election. And Texas counties have already begun printing and mailing ballots (without Collier listed as a candidate) to military and overseas voters on request in the 2026 General Election, as required by Texas law. In sum, there is now no plausible relief that a court could award in time to remedy Plaintiffs' claimed injuries. As such, this Court should dismiss all of Plaintiffs' claims.

### I. Plaintiffs' Claims are Moot.

In their complaint, Plaintiffs seek declaratory relief declaring that several Texas statutes related to independent candidates are unconstitutional, injunctive relief preventing Defendants from enforcing the challenged portions of Texas law as applied to Plaintiffs, and "other and further relief . . . necessary to ensure Plaintiff Collier's placement on Texas's 2026 general election ballot as an Independent candidate for Lieutenant Governor." Complaint, ECF No. 1 at 35–36. None of Plaintiffs' requested relief may properly be granted by this Court, because the underlying controversy in this case is moot.

It is no longer possible for Collier to obtain placement on the Texas General Election ballot for 2026, due to several critical deadlines having passed. As such, no injunction against Defendants would have any effect, and there is no "other and further relief" which could result in Collier's placement on the ballot. This renders Plaintiffs' case moot, as an indispensable prong of standing (redressable injury) can no longer be satisfied. *See Uzuegbunam*, 592 U.S. at 285 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (listing "a remedy that is likely to redress [] injury" as an essential component of Article III standing.)). Likewise, courts may not give opinions on the law in the absence of a case or controversy. *Already*, 568 U.S. at 90 (citing *DaimlerChrysler Corp.*, 547 U.S. at 341). As such, declaratory relief is no longer proper either.

**A. The Relevant Statutory Deadlines Have Passed.**

**1. The Deadline for Independent Candidates to Apply to Be on the Ballot has Passed.**

The deadline for independent candidates to file their application to be on the ballot was June 25, 2026. *See* Tex. Elec. Code § 142.006(a) ("An application for a place on the ballot must be filed not later than 5 p.m. of the 30th day after runoff primary election day."). Plaintiff Collier submitted an application to appear on the ballot as an independent candidate. However, he did not timely obtain the necessary number of valid signatures to qualify. Defs.' Resp. in Opp. Plfs.' Mot. Prelim. Inj., ECF No. 22 at 8. As such, Collier is not listed on the ballot as an independent candidate for Lieutenant Governor for the 2026 General Election.

**2. Collier did not file a Declaration of Write-in Candidacy.**

Plaintiff Collier did not file a declaration of write-in candidacy for the 2026 General Election, which is required in order to be listed as a write-in candidate. Tex. Elec. Code § 146.023(a) ("To be entitled to a place on the list of write-in candidates, a candidate must make a declaration

of write-in candidacy."). The deadline to file as a write-in candidate for statewide office was 5:00 PM on Monday, August 17, 2026. *See* Tex. Elec. Code § 146.025 ("a declaration of write-in candidacy . . . must be filed not later than 5 p.m. of the 78th day before general election day."). As such, Collier is not a certified write-in candidate for the 2026 General Election. Additionally, even if voters should wish to vote for Collier despite his failure to qualify as an independent candidate or a write-in candidate, these votes would not be tabulated: in elections for state and county officers in Texas, "[a] write-in vote may not be counted unless the name written in appears on the list of write-in candidates." Tex. Elec. Code § 146.022.

While the issue of write-in candidacy is not raised by Plaintiffs, it is a relevant consideration in the context of the mootness of the present action, because the Texas Election Code requires candidates to be certified as a candidate in one way or another in order for votes to be tabulated for them. Since Plaintiff Collier has not qualified as an independent or write-in candidate for the November 2026 General Election, it means that, simply put, Collier is not a "candidate" for any office in this election. No purported votes for Michael Collier could be counted, even if a voter wrote him in for Lieutenant Governor or any other office. This simultaneously indicates that Plaintiffs have not pursued further options to preserve Collier's candidacy for the desired office, while underscoring the fact that there is no relief whatsoever which the court could provide to remedy Plaintiffs' claimed injuries.

**3. Mail Ballots have Already Been Mailed to Voters.**

The Texas Election Code requires that balloting materials be mailed to military and overseas voters by the 45th day before election day. Tex. Elec. Code § 86.004. For the 2026 General Election, the 45th day before election day was Saturday, September 19, 2026. In short, this means that ballots have already been printed and mailed to voters across the state (and those temporarily

outside of the state, such as members of the armed forces)—without Plaintiff Collier's name appearing on those ballots.

Given that ballots have already been sent to voters, any changes to balloting this late in election season is bound to cause voter confusion. *See Purcell v. Gonzalez*, 549 U.S. 1, 4–5 (2006) ("Court orders affecting elections, especially conflicting orders, can themselves result in voter confusion and consequent incentive to remain away from the polls. As an election draws closer, that risk will increase.") Collier does not suggest—nor could he—that any relief can be granted now without countermanding numerous provisions of the Texas Election Code and sowing mass confusion across the State.

Given that counties have started mailing ballots to voters as required by Texas law, Plaintiffs' claims are moot for this reason as well.

**B. This Court has Denied Plaintiffs' Motion for Preliminary Injunction, and Plaintiffs have not Timely Appealed.**

This Court has already denied Plaintiffs' Motion for Preliminary Injunction. Order, ECF No. 26 at 8. Further, the last date for Plaintiffs to notice an appeal of this Court's denial of Plaintiffs' Motion for Preliminary Injunction was September 11, 2026. *See* Fed. R. Civ. P. 4(a)(1)(A) ("In a civil case . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."). As of the date of this filing, Plaintiffs have not filed any appeal of this Court's order denying the request for a preliminary injunction. Indeed, Plaintiffs have not filed *anything* at all since this Court rendered its decision over a month ago.

With less than forty-five days until Election Day, it is unclear what relief Plaintiffs expect in the absence of further motions. But, as explained above, even additional filings urging the haste of this Court cannot overcome the reality that several critical election deadlines have now passed.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion to dismiss this case.

Date: September 21, 2026.

Respectfully submitted,

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

ROB FARQUHARSON
Deputy Attorney General for Legal Strategy

MICHAEL COTTON
Chief, Special Litigation Division

*/s/Zachary W. Berg*
ZACHARY W. BERG
Special Counsel
Texas Bar No. 24107706

STEVEN LOOMIS
Special Counsel
Texas Bar No. 00793177

JACOB P. DUSTIN
Special Counsel
Texas Bar No. 24149843

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
SPECIAL LITIGATION DIVISION
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Zachary.Berg@oag.texas.gov
Steven.Loomis@oag.texas.gov
Jacob.Dustin@oag.texas.gov

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on September 21, 2026 and that all counsel of record were served by CM/ECF.

/s/ *Zachary W. Berg*
**ZACHARY W. BERG**